UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

KATHLEEN WRIGHT,

               Plaintiff,

     -v-                                  No. 12 Civ. 2852 (LTS) (MHD)

STORCH, AMINI & MUNVES, P.C. et al.,

               Defendants.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

           Plaintiff Kathleen Wright ("Plaintiff") brings this employment discrimination action against her former employer, Storch, Amini & Munves, P.C. ("the Firm"), and partners of the law firm, Bijan Amini ("Amini") and Steven Storch ("Storch") (collectively, "Defendants"). Plaintiff alleges that Defendants terminated her employment for age-based discriminatory and retaliatory reasons, asserting claims under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court has considered carefully all of the parties' submissions in connection with the motion.

           The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367. For the following reasons, the Court grants Defendants' motion for summary judgment in its entirety.

<u>BACKGROUND</u>

Unless otherwise noted, the following facts are undisputed.[1]  Plaintiff was employed by the Firm for approximately four years, from September 2007 to June 2011.  (Def's' 56.1 Stmt. ¶¶ 38, 133.[2])  Plaintiff was 57 years old at the time she began working at the Firm and was 61 years old when her employment was terminated in 2011.  (Wright Dep. 20.)  Prior to joining the Firm, Plaintiff had worked for another law firm, Kelley, Drye, and Warren, LLP, for eleven years, and had also served as in-house counsel for AXA Equitable Life Insurance Company for four years.  (Boyd Aff. Ex. A at 66, 118–19, 124, 146.)  The Firm hired Plaintiff to "assist the Firm with mentoring and writing."  (Wright Dep. 67.)  Plaintiff was awarded year-end bonuses for 2007, 2008, and 2009.  (Boyd Aff. Ex. A at 96.)

Prior to August 2010, Defendants determined that a reduction in the Firm's workforce would be necessary, in light of declining revenue.  According to the Firm's records, "2008 and the first half of 2009 were a boom period for [the Firm's] business."  (Girshon Aff. Ex. V.)  Business at the Firm, however, began to "dry up" in the second-half of 2009 and in 2010 as a result of the financial crisis, and new work "wasn't coming in."  (Storch Dep. 160–61, 272.)  While 2010 revenues were higher than those in 2009, 2010 revenues were lower than the Firm's pre-2009 revenues. (Girshon Aff. Ex. V; Storch Dep. 160–61; Amini Dep. 48–49, 59, 66.).  Defendants became concerned about the Firm's ability to continue providing work for the Firm's

---

[1]    Although Plaintiff purports to dispute some of the following facts, she has failed to identify contrary non-conclusory evidence as to the facts that are presented here as undisputed.

[2]    Citations to a party's statement pursuant to S.D.N.Y. Local Rule 56.1 ("56.1 Stmt.") incorporate by reference the evidentiary citations proffered in the statement.

attorneys after the anticipated conclusion of a major case.  (Def's' 56.1 Stmt. 7; Amini Dep. 66.)

The Firm is a New York law firm in which Storch, Amini, and Plaintiff's sister-in-law are officers.[3]  (Wright Dep. 68–69.)  Defendants alleged that they met with Plaintiff and three other attorneys in August 2010 and advised them to look for employment elsewhere. (Def's' 56.1 Stmt. ¶ 77).  Plaintiff acknowledges that she met with Storch and Amini during the summer of 2010 and that she was informed about the Firm's financial troubles, but denies that she was told to look for other employment.  (Wright Dep. 84–85.)  Plaintiff was 60 years old at the time. (Boyd Aff. Ex. A at 20.)  Two of the three other attorneys Defendants approached during this time frame were in their 30s, and the remaining attorney had just turned 40.[4]  (Def's' 56.1 Stmt. ¶¶ 78, 82-86.)

Defendants allege that Plaintiff's work performance was poor, but that she had not been asked to leave sooner because Plaintiff's sister-in-law was an officer of the Firm. (Storch Dep. 86–88.)  Defendants allege, and Plaintiff admits that, on several occasions, Defendants had to divert other experienced associates from their assignments to help Plaintiff revise or complete her work.  (Def's' 56.1 Stmt. ¶ 51; Pl.'s Affirm. Opp'n Def's' Mot. Summ. J. ¶ 2; Storch Dep. 94–96.)  Neither Plaintiff nor two of the three other attorneys who had been asked to leave in August of 2010 were awarded annual bonuses in 2010.  (Storch Decl. ¶ 6.) Storch alleges that no annual bonus would have been awarded to the remaining attorney, who had found alternative employment before the end of 2010, had she stayed.  (Id.)  During the same time period, Defendants made efforts to retain a highly regarded senior associate who was

---

[3]     The Firm's officers are the functional equivalents of partners.  (Def's' 56.1 Stmt. ¶ 4.)

[4]     Confidential submissions to the Court providing the birth dates of the attorneys confirm these proffered facts.

older than Plaintiff.  (Def's' 56.1 Stmt. ¶ 151–55.)  When the senior associate nonetheless

retired, she was given a standing offer to return to the Firm.  (Id.)

On January 11, 2011, Storch and Amini gave Plaintiff a negative performance

review.  (Girshon Aff. Ex. O.)  Plaintiff did not accuse Defendants of age-based discrimination

during this meeting.  (Wright Dep. 215.)  Shortly after the January 2011 meeting, Plaintiff began

soliciting referrals to employment attorneys.  (Wright Dep. 237–39.)

In February or March 2011, Plaintiff met with Erin Olivo, a management

consultant the Firm had hired in December 2010. (Olivo Dep. 92; Boyd Aff. Ex. C at 158, 162.)

Plaintiff alleges that Olivo informed her that their conversation was not confidential, and that she

complained to Olivo that she was the victim of age discrimination.  (Boyd Aff. Ex. A at 97, 173,

295.)  Olivo denies that Plaintiff ever complained of age discrimination.  (Olivo Dep. 136.)

There is no evidence that Olivo communicated Plaintiff's alleged complaints of age

discrimination to Storch and Amini.  (Olivo Dep. 135–36; Amini Dep. 145.)

Plaintiff alleges that she saw younger candidates being interviewed at the Firm

during the same time frame.  (Boyd Aff. Ex. A at 94–95.)  Plaintiff, who was not a participant in

the Firm's hiring processes in 2011, proffers only her observation that younger attorneys were

being interviewed.  (Id.)  There is no evidence as to what positions they were interviewed for or

that any were hired.  In particular, there is no evidence that anyone was hired to fill Plaintiff's

position.

Plaintiff met with Storch and Amini in May 2011 to discuss her departure from

the firm.  (Storch Dep. 205; Amini Dep. 104; Boyd Aff. Ex. A at 217.)  Plaintiff alleges that she

complained that she was the victim of age discrimination (Boyd Aff. Ex. A at 217), an allegation Amini disputes (Boyd Aff. Ex. D at 105).

On June 14, 2011, Storch and Amini met with Plaintiff at her request and informed her that her employment was being terminated that day.  (Wright Dep. 252.)  They offered her a severance package.  (Amini Dep 109; Storch Dep. 216–17.)  At the end of the meeting, Plaintiff accused Storch and Amini of terminating her for age-related reasons.  (Storch Dep. 219–20.)  In a later e-mail message to Amini, Storch inquired whether Defendants ought to withdraw Plaintiff's severance package.  (Boyd Aff. Ex. C at 245.)  Defendants did not, however, withdraw the severance package.  (Boyd Aff. Ex. C. at 245; Storch Dep. 246:17–19.) Plaintiff declined the proffered severance package.  (Def's' 56.1 Stmt. ¶ 136.)

Discussion

A court "shall grant" summary judgment to a movant where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is considered material "if it 'might affect the outcome of the suit under the governing law,'" and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (internal citations omitted).  In evaluating the record to determine whether there is a genuine issue as to any material fact, a court must resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

<u>Age-Based Discrimination Claim Under the ADEA</u>

Age discrimination claims under the ADEA are properly analyzed under the burden-shifting framework established in <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>See</u> <u>Jetter v. Knothe Corp.</u>, 324 F.3d 73,75–76 (2d Cir. 2003).  Once a plaintiff establishes a <u>prima facie</u> case of age-based discrimination, the burden of proof shifts to the defendant to provide a non-discriminatory reason for the adverse employment action.  <u>Id.</u> at 75. The burden then shifts back to the plaintiff to show that the proffered non-discriminatory reason was pretextual, <u>id.</u> at 75–76, and that age was the "but-for" cause of the adverse employment action, <u>Gross v. FBL Financial Servs., Inc.</u>, 557 U.S. 167, 180 (2009).

To establish a <u>prima facie</u> case of age-based discrimination, a plaintiff must show that (1) she was within the protected age group; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination.  <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 107 (2d Cir. 2010).  "This burden is not a heavy one."  <u>Id.</u>

Here, neither party disputes that Plaintiff (1) was within the protected age group, (2) that she was qualified for the position, or that (3) she experienced an adverse employment action (<u>i.e.</u>, termination of her employment).  Rather, the parties disagree as to whether Plaintiff's termination occurred under circumstances giving rise to an inference of discrimination.  Plaintiff relies principally on her alleged sightings of younger employment candidates and Storch's suggestion that her severance offer be withdrawn as evidence to support the requisite inference of age discrimination.  Neither appears to the Court sufficient to support

the fourth prong of the prima facie case but, since the burden at the initial stage is light, the

Court will assume for purposes of this analysis that Plaintiff has carried it.

    The burden, thus, shifts to Defendants to present legitimate, non-discriminatory

reasons for the termination of Plaintiff's employment.  Jetter, 324 F.3d at 75.  Defendants offer

two such reasons: (1) a reduction in workforce driven by economic circumstances; and (2)

Plaintiff's deficient work performance.  Turning to the first explanation, it is undisputed that the

Firm's revenue in late 2009 and 2010 was less than its 2008 and early 2009 earnings.

Defendants also allege, and Plaintiff does not dispute, that a major, revenue-generating case was

concluding in 2010 to 2011.  Turning to the second explanation, Defendants allege that they

expected Plaintiff, who was a senior associate at the Firm, to manage cases and write briefs.  It is

undisputed that, on several occasions, Defendants diverted other associates from their tasks to

assist Plaintiff.  Defendants allege that the combination of economic circumstances and

Plaintiff's poor performance caused them to decide to terminate her.  Defendants also present

evidence that two of the other three associates Defendants approached in August 2010 were

younger attorneys who were outside the protected class.  Like Plaintiff, these three attorneys

either did not receive annual bonuses or were not scheduled to receive an annual bonus.  The

three left the Firm after the August 2010 meetings.  Furthermore, Defendants allege that, at or

around the same time they asked Plaintiff and the other three attorneys to leave, they tried to

retain a highly regarded senior associate who was older than Plaintiff.  These facts are consistent

with Defendants' explanation that Plaintiff's employment termination was driven by business

and performance concerns, and was not age-related, even if the Court accepts as true Plaintiff's

allegation that Storch and Amini had not asked her to look for other employment at this time.

After a defendant provides non-discriminatory reasons for an adverse employment action, the burden shifts back to a plaintiff to show that the proffered reasons are a pretext for discrimination, identifying evidence from which a reasonable fact-finder could determine that age discrimination was the but-for cause of the adverse employment action. Gross, 557 U.S. at 180.  This Plaintiff has failed entirely to do.  Here, Plaintiff argues that the economic and performance reasons Defendants offer are a pretext because, in her view, she was not a poor performer and the Firm's finances were not in decline.  She argues that the yearly bonuses she received prior to 2010 demonstrate that she did not have performance problems. However, she does not dispute that Defendants assigned other associates to help her with her work on several occasions.  She also argues that the Firm's finances improved in 2010, but does not dispute that the Firm's finances were in decline in 2010 and 2011, as compared to the Firm's finances in 2008 and the first half of 2009.  Nor does Plaintiff contest Defendants' proffer that a major, revenue-generating case was concluding in 2010 to 2011.

Where a "business decision [is] made on a rational basis," the ADEA does "not authorize the courts to judge the wisdom of a corporation's business decisions."  Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982).  Plaintiff's disagreements with Defendants' assessment of the Firm's financial condition and of her performance are thus immaterial and provide no basis for a finding of pretext, much less a proper basis for a determination that age discrimination was the but-for cause of Defendants' decision to terminate Plaintiff's employment.

Plaintiff has, thus, failed to proffer evidence sufficient to frame a genuine factual dispute as to whether she was terminated on account of age, and the Firm is entitled to judgment in its favor as a mater of law with respect to Plaintiff's ADEA age discrimination claim.

Retaliation Claim Under the ADEA

Plaintiff also asserts a retaliation claim under the ADEA against the Firm. (Compl. at 7–8.)  In order to establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action.  Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205–206 (2d Cir. 2006).  Even if a plaintiff establishes a prima facie case of retaliation, if the defendant identifies a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that the proffered reason is a pretext for retaliation.  Hicks v. Baines, 593 F.3d 159, 160 (2d Cir. 2010).

There is a factual dispute as to whether Plaintiff complained of age discrimination to the Firm's management consultant, Ms. Olivo.  Even taking as true Plaintiff's allegations that she complained to Olivo and that she made the same complaint to Storch and Amini in May and June of 2011, Plaintiff's evidentiary proffers are insufficient, for the reasons explained above, to frame a genuine dispute of material fact as to whether Defendant's proffered non-retaliatory reasons for her termination are pretextual.  Accordingly, the Firm is entitled to judgment in its favor as a matter of law with respect to Plaintiff's ADEA retaliation claim.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion for summary judgment is granted with respect to Plaintiffs' claims under ADEA.  In light of the dismissal of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state and local law claims.  The latter claims are dismissed without prejudice.

This Memorandum Order resolves docket entry number 33.  The Clerk of Court is requested to terminate docket entry numbers 29 and 41 as well.  The Clerk of Court is further requested to enter judgment for Defendants and to close this case.

SO ORDERED.

Dated: New York, New York
April 25, 2014

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge