UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KATHLEEN WRIGHT,

       Plaintiff,

  -v-                                              No. 12CV2852-LTS-MHD

STORCH, AMINI & MUNVES, P.C. et al.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

       Plaintiff Kathleen Wright ("Plaintiff") moves for review of the Judgment Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  The motion arises out of an employment discrimination action against Plaintiff's former employer, Storch, Amini & Munves, P.C. ("the Firm"), and partners of the Firm, Bijan Amini ("Amini") and Steven Storch ("Storch") (collectively, "Defendants").  The Court granted summary judgment in favor of Defendants, dismissing Plaintiff's federal claims under the Age Discrimination in Employment Act, and declined to exercise supplemental jurisdiction of similar state law claims.

       The Court has carefully considered the parties' submissions in connection with the motion.  For the following reasons, Plaintiff's motion is denied.

       Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ P. 54(d)(1).  The question of whether a party is a "prevailing party" is one of law.  <u>See</u> <u>Whitfield v. Scully</u>, 241 F.3d 264, 269 (2d Cir. 2001).  Once a litigant is determined to be the prevailing party, the decision to award costs "rests within

the sound discretion of the district court." Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006) (quoting LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995)).

Litigants become "prevailing parties" if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal citation omitted). For a party to be considered the prevailing party, she need not have "succeeded on the central issue" or "obtained the primary relief sought." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) (internal citations omitted). It is sufficient that the party "succeeded on 'any significant issue in [the] litigation,' regardless of the magnitude of the relief obtained," if she received actual relief on the merits that "materially alters the legal relationship between the parties."[1] Id. (internal citations omitted).

Here, Defendants prevailed on a significant issue in the litigation by obtaining dismissal of Plaintiff's federal discrimination claim. The dismissal materially altered the legal relationship between the parties by precluding Plaintiff from asserting the claim against Defendants in the future. Therefore, Defendants are the prevailing parties and are entitled to costs. See Vuona v. Merrill Lynch & Co., No. 10CV6529, 2013 WL 1971572, at *1-2 (S.D.N.Y. May 14, 2013) (holding that defendants who succeeded on federal law claims and whose state law claims were dismissed without prejudice were "prevailing parties" because "[a] party who is only partially successful also can be deemed a prevailing party").

---

[1] Hensley and Fletcher involved attorneys' fee awards rather than awards for costs, however, "in general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." See Dattner, 458 F.3d at 101. The test as to whether a party has "prevailed" is the same for plaintiffs and defendants. See Mr. L. v. Sloan, 449 F.3d 405, 407 (2d Cir. 2006). Therefore, the Court will look to determine whether the judgment "materially altered the legal relationship between the parties." See Fletcher, 143 F.3d at 757.

Although an award of costs to the prevailing party is the "normal rule . . . in civil litigation," the Court has discretion to deny costs for cause including "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Whitfield, 241 F.3d at 270. The burden is on the losing party to show that costs should not be imposed. Id. None of the factors, in and of themselves, require a court to deny costs. See id. at 272-73 ("[G]ood faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs."); id. at 273 ("There is also widespread agreement among the courts of appeals that indigency per se does not preclude an award of costs.").

Here, the case was not so complex or difficult as to justify departing from the normal rule that costs should be awarded to the prevailing party. Furthermore, Plaintiff has not submitted evidence sufficient to demonstrate a financial hardship. See Perks v. Town of Huntington, 331 Fed. App'x. 769, 770 (2d Cir. 2009) (finding trial testimony that Plaintiff was retired and incurred unspecified expenses insufficient to show financial hardship). In her deposition, Plaintiff merely asserted that she had an immediate "financial hardship" "[a]t the time [she] lost [her job]," and she has not proffered evidence regarding her current financial situation. (See Wright Dep. Tr. 114:3-9). Plaintiff is not proceeding in forma pauperis, she has been represented by paid counsel throughout these proceedings, and she lives with her partner in the United Kingdom rather than independently (Wright Dep. Tr. at 27-28). See Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 CV. 8786, 2010 WL 3720834, at *3 (S.D.N.Y. Sept. 22, 2010) (refusing to vacate cost award against Plaintiff because she did not file action in forma pauperis, was represented by counsel throughout all proceedings, and was living with her mother).

For the foregoing reasons, Plaintiff's motion for review of taxation of costs is denied.

This Memorandum Order resolves docket entry No. 71.

SO ORDERED.

Dated: New York, New York
       November 6, 2014

>                   /s/ Laura Taylor Swain
>                   LAURA TAYLOR SWAIN
>                   United States District Judge